BAKER, IRONS & DOCKSTADER, INC. *v.* UNITED STATES

**No. 5946.**—Invoice dated Nuremberg, Germany, August 4, 1939.
    Certified August 5, 1939.
    Entered at New York, N. Y., August 19, 1939.
    Entry No. 720404.

(Decided October 27, 1943)

*Sharretts & Hillis (Edward P. Sharretts* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

Kincheloe, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties, subject to the approval of the court, that the appeal to reappraisement set forth in schedule A, which schedule is made a part of this stipulation, covers decalcomanias which were exported from Germany, and that the merchandise and the issues involved in the reappraisement set forth in schedule A are the same in all material respects as the merchandise and issues involved in *United States* v. *R. Gaertner & Co., Inc., et al.,* Reap. Dec. 5727; that the merchandise covered by the appeal to reappraisement set forth in schedule A was at the time of exportation thereof, sold and freely offered for sale in Germany to all purchasers in the ordinary course of trade, packed ready for shipment, in the usual wholesale quantities, in the principal markets of Germany, for exportation to the United States, at the values at which said decalcomanias were entered, less any additions made by the importer because of advances made by the appraiser in similar cases then pending on appeal to reappraisement.

It is further stipulated and agreed, that the record in said Reap. Dec. 5727 be incorporated herein, and that said reappraisement appeal is hereby submitted on this stipulation.

The reappraisement appeal listed in said schedule A is abandoned as to all merchandise other than the aforementioned decalcomanias.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the decalcomanias here involved, and that such values are the entered values, less any additions made by the importer because of advances made by the appraiser in similar cases then pending on appeal for reappraisement.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.